706 A.2d 295

DONNA KENNEY, PLAINTIFF/APPELLANT, v. MEADOWVIEW
NURSING AND CONVALESCENT CENTER,
DEFENDANT/RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 27, 1998—Decided March 3, 1998.

Before Judges PRESSLER, WALLACE and CARCHMAN.

*S. Robert Freidel, Jr.,* attorney for appellant.

*Angelini, Viniar & Freedman,* attorneys for respondent (*Robert F. Cuva,* on the brief).

The Opinion of the Court was delivered by

WALLACE, J.A.D.

In this action under the Family Leave Act (Act) and the Law Against Discrimination (LAD), plaintiff appeals from the grant of summary judgment in favor of defendant dismissing her complaint. On appeal, plaintiff essentially contends that it was error to dismiss her complaint because she established a *prima facie* case that she qualified for Family Leave benefits. We find merit to plaintiff's contention and reverse.

I

Plaintiff Donna Kenney began her employment with defendant Meadowview Nursing and Convalescent Center in 1988 as a licensed practical nurse. On November 21, 1993, plaintiff was injured at work. In her claim petition seeking workers' compensation benefits, plaintiff stated she tore a ligament in her left arm and shoulder while cranking a bed. Defendant's answer to the claim petition revealed that plaintiff returned to work January 7, 1994, and that she was paid temporary disability of $3,601.92 at the weekly rate of compensation of $382.30. Plaintiff's compensation claim was settled and an order approving settlement was

entered on August 23, 1995. As a result, plaintiff received temporary disability pay for the period of November 21, 1993, through January 7, 1994, totaling $3,601.92.

Plaintiff returned to work in January 1994. She was pregnant at that time. She requested information concerning the benefits she was entitled to receive under defendant's Family Leave policy. On March 17, 1994, plaintiff wrote to her supervisor, Alice DelRossi:

As per our discussion on Friday, March 11, 1994, I still have questions and concerns which I feel have not been completely addressed. Since I had been informed that I was not eligible for a Family Medical Leave, I have not been informed as to what amount of time I am permitted to be absent from work after I have my baby, and what it will be classified as.

Also, as per my letter of March 1, 1994, I continue to be concerned about job security. Therefore, I am requesting several things from you in writing. First, I would like to be informed specifically the exact amount of time I am permitted to be absent after the birth of my baby. Second, the date I would have to return in order to maintain my current position on the 7pm to 7am half weeks on Worker's Compensation will have on any leave I require after giving birth.

I have reviewed my employee handbook thoroughly, and can find nothing that prohibits me from using accrued vacation time prior to an unpaid leave. If there is such a policy, I would appreciate a copy to add to my handbook.

When I was first approached by Pat Bacon on February 24, 1994, I requested a letter from her documenting the date that my medical coverage would be terminated as well as information on COBRA which would allow me to pay for my own coverage. I still do not have this information.

I plan to send a copy of this letter to Jane Greenburg. Thank you for your expedient attention to this matter.

Plaintiff was later informed by DelRossi that she did not qualify for Family Leave benefits because she had not worked the required 1,000 hours during the previous twelve months. Defendant claimed that plaintiff had only worked 974 hours and that she was not entitled to receive any credit for the time she was paid workers' compensation benefits, approximately 360 hours. Plaintiff stopped working for medical reasons during her pregnancy on or about March 27, 1994.[1]

---

[1] In plaintiff's statement of facts, she claims she was terminated on or about April 14, 1994. Defendant disputes this and asserts that plaintiff took this leave

The meager facts provided by the parties do not reveal when plaintiff wished to return to work. However, that information is not necessary to decide this appeal.

In October 1995, plaintiff filed her complaint herein. She alleged that defendant had terminated her in violation of the Act, denied her rights under the Act, and violated the Act by not reinstating her to her former position. Plaintiff also alleged a violation of LAD and alleged that her termination violated the implied and/or expressed employment contract contained in defendant's employment manuals, policies, and procedures. Defendant filed an answer denying all allegations. Following the completion of discovery, defendant filed a motion for summary judgment. Plaintiff then filed a cross-motion for summary judgment.

As noted, discovery had been completed. It does not appear, however, that either party submitted certifications, affidavits, admissions [2] or answers to interrogatories in support of its respective motion for summary judgment. Apparently, both parties relied on the facts set forth in the briefs. In that regard, defendant provided the additional facts that plaintiff applied to be rehired in June 1994 but that there were no openings due to a hiring freeze at the facility following a reduction in Medicaid funding. Further, defendant noted that in mid–1994, a reduced staffing pattern was implemented and bonus hours were eliminated. The next employee hiring did not occur until August 1994.

The motion judge, after noting that plaintiff had submitted no competent legal evidence under *R.* 1:6–6, concluded that defendant's motion was in effect unopposed. The judge ruled that even assuming there was appropriate opposition, under the rule, plain-

---

of absence for the birth of her child on March 29, 1994. While this date is disputed, it is not a material factual dispute.

[2] Although the record does not readily show that defendant submitted admissions below, the motion judge did state that plaintiff did not reply to defendant's request for admissions. Plaintiff's counsel, however, disputed that and stated plaintiff had indeed responded to defendant's request for admissions.

tiff failed to meet the 1,000 hours requirement under the Act because she only worked 974 hours. At that point, plaintiff's counsel argued that he viewed it as a legal question, "whether or not the 1,000 hours that are required under the Family Leave Act excludes time and when you're on worker's compensation." He further argued that if one counts the period that plaintiff received Worker's Compensation, that she had more than the required 1,000 hours. Unfortunately, the judge did not address this argument in granting summary judgment in favor of defendant.

## II

Initially, we note that pursuant to *R.* 4:46–2(a), a motion for summary judgment "shall be served with briefs, a statement of material facts and with or without supporting affidavits." Thus, a moving party is required not only to support the motion with a brief, but also with a statement of material facts set forth in separately numbered paragraphs "with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." *Ibid.* Moreover, the motion may be denied without prejudice for failure to file the required statement of material facts. *R.* 4:46–2(a). The response to the motion should include a statement either admitting or disputing the facts asserted in the movant's statement. *R.* 4:46–2(b). Further, the opposing party may include additional material facts as to which there exists a genuine issue. *Ibid.*

If there is no genuine issue as to any material fact challenged, the judge may grant the judgment sought, so long as to the moving party is entitled to judgment as a matter of law. In any event, the judge is required to find the facts and state its conclusions in accordance with *R.* 1:7–4. *See R.* 4:46–2(c).

Unfortunately, neither party fully complied with *R.* 4:46–2. Despite the failure to comply with *R.* 4:46–2(a), we are satisfied that this case was ripe for summary judgment. The material facts were not disputed. The critical issue was whether plaintiff had

sufficient hours to qualify for Family Leave benefits. We turn now to that issue.

In *D'Alia v. Allied–Signal Corp.*, 260 *N.J.Super.* 1, 614 *A.*2d 1355 (App.Div.1992), we set forth a description of the Act and its legislative history. As part of that review, we explained that the Legislature acted "to promote the economic security of families by guaranteeing jobs to wage earners who chose to take a period of leave upon the birth . . . of a child or serious health condition of a family member." *Id.* at 6, 614 *A.*2d 1355 (citing *N.J.S.A.* 34:11B–2). Further, we recited key portions of the Act and noted that leave may be denied only where: (1) the employee falls into a narrow category of highly salaried individuals, *N.J.S.A.* 34:11B–4h(1); (2) denial is necessary to prevent "substantial and grievous economic injury" to the employer's operation, *N.J.S.A.* 34:11B–4h(2); and (3) timely notice is given to the employee, *N.J.S.A.* 34:11B–4(3). *D'Alia, supra,* 260 *N.J.Super.* at 7, 614 *A.*2d 1355. In addition, we stressed that the Act provides job security by requiring that the employee " 'be restored by the employer . . . to the position held when the leave commenced or to an equivalent position of like seniority, status, employment benefits, pay and other terms and conditions of employment.' *N.J.S.A.* 34:11B–7." *Ibid.* Nevertheless, we noted that the Act provided for an exception where during the leave period a reduction in force has occurred and the employee would have lost his or her job in any event, "but that the employee retains all rights to a recall that he or she would have had if leave had not been taken." *Ibid.*

It is undisputed that defendant had a Family Leave Plan as part of its employment benefits that was consistent with the Act. Further, it is undisputed that plaintiff gave advance notice to the defendant of her desire to take Family Leave. What is disputed is whether plaintiff met the definition of an employee under the Act.

The goal in statutory construction is to determine the intent of the Legislature and to "make sense of a statute." *Strasenburgh v. Straubmuller,* 146 *N.J.* 527, 539, 683 *A.*2d 818

(1996). Under the Act, employee "means a person who is employed for at least 12 months by an employer, with respect to whom benefits are sought under this act, for not less than 1,000 base hours during the immediately preceding 12–month period." *N.J.S.A.* 34:11B–3(e). Although base hours are not defined in the Act, the regulations under the Act define base hours as "an employee's regular hours of work excluding overtime, for which an employee receives compensation." *N.J.A.C.* 13:14–1.2. Defendant contends that the period plaintiff was unable to work as a result of her job-related injury should not count towards her base hours. In our view, defendant's interpretation takes too narrow a view of the term base hours. It is clear that the plain meaning of the term employee does not exclude compensation that an employee receives for her regular work hours for a work-related injury, nor does it expressly include such compensation.

■ Another fundamental principle of statutory construction is that "statutes ... relat[ing] to the same matter or subject must be read in *pari materia." City of Clifton v. Passaic County Bd. of Taxation,* 28 *N.J.* 411, 421, 147 *A.*2d 1 (1958). We note that both the Act and the Workers' Compensation Act, are included in Section 34 of our statutes. Under *N.J.S.A.* 34:15–39.1, it is "unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer ..." An obvious purpose of this statute is to ensure that an employee injured on the job is not treated differently because he or she claims workers' compensation benefits for that injury.

■ We are convinced that the Legislature did not intend to exclude an employee from receiving benefits under the Act merely because a portion of the required 1,000 base hours were compensated as a result of a work-related injury. Thus, the Act should be harmonized with the Workers' Compensation Act which requires compensation for work-related injuries and prohibits dis-

crimination against an employee for claiming such benefits. *See F & W Associates v. County of Somerset,* 276 *N.J.Super.* 519, 525–26, 648 *A.2d* 482 (App.Div.1994). Further, the Act must be read consistent with its purpose to provide employees with certain benefits where Family Leave is requested. In our view, it would violate the strong legislative mandate under the Act and the Workers' Compensation Act to exclude the regular hours for which plaintiff was compensated while she was out on temporary disability for her work-related injury in counting the regular hours required under the Act. Consequently, we conclude that base hours under the Act include the regular hours for which an employee is paid workers' compensation benefits.

This conclusion necessarily leads to the result that plaintiff qualified for Family Leave benefits under the Act. Because she was denied those benefits, plaintiff should have been granted summary judgment on this issue.

## III

Based on our holding that plaintiff satisfied the 1,000 base hours required by the Act, plaintiff is entitled to receive the benefits and protection of the Act. *N.J.S.A.* 34:11B–7 provides:

An employee who exercises the right to family leave under section 4 of this act shall, upon the expiration of the leave, be entitled to be restored by the employer to the position held by the employee when the leave commenced or to an equivalent position of like seniority, status, employment benefits, pay and other terms and conditions of employment. If during a leave provided by this act, the employer experiences a reduction in force or layoff and the employee would have lost his position had the employee not been on leave, as a result of the reduction in force or pursuant to the good faith operation of a bona fide layoff and recall system including a system under a collective bargaining agreement where applicable, the employee shall not be entitled to reinstatement to the former or an equivalent position. The employee shall retain all rights under any applicable layoff and recall system, including a system under a collective bargaining agreement, as if the employee had not taken the leave.

Plaintiff essentially argues that defendant's comments regarding a reduction in work force were pre-textual. Defendant denies this assertion and argues that even if plaintiff had been entitled to benefits under the Act, her position would not have been available

when she was medically released to return to work because of the reduction in work force resulting from the medicaid cuts. Unfortunately, both parties raise factual assertions in this appeal that were not properly included in the motion and cross-motion for summary judgment below. *See* R. 4:46–2. Consequently, we will not consider those factual assertions. In other words, the parties failed to present a statement of material facts to enable the motion judge to decide as a matter of law whether defendant complied with *N.J.S.A.* 34:11–B–7, and/or whether the actions of defendant violated this statute and/or the LAD.

The summary judgment order is reversed and the matter is remanded to the Law Division for further proceedings.