**Laura McCONNELL, Plaintiff,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Defendant.**

**No. CIV. 97–3086(WHW).**

United States District Court,
D. New Jersey.

Aug. 23, 1999.

Shane C. DeLeon, Law Offices of Edward P. Azar, Newfoundland, NJ, for Plaintiff Laura McConnell.

Francis X. Dee, David A. Cohen, Carpenter, Bennett & Morrissey, Newark, NJ,

for Defendant State Farm Mut. Auto. Ins. Co.

## OPINION

WALLS, District Judge.

This matter is before the Court on the summary judgment motion of defendant State Farm Mutual Automobile Insurance Company ("State Farm") to dismiss the complaint and the cross-motion of plaintiff Laura McConnell to compel discovery. Pursuant to Fed.R.Civ.P. 78, the Court decides these motions without oral argument. State Farm's motion is granted; McConnell's cross-motion is denied.

## FACTS

Plaintiff McConnell, employed by defendant State Farm from November 4, 1985 until January 26, 1996 when she was discharged, held various positions during her tenure. Plaintiff alleges that in 1995 she became pregnant and suffered medical complications as a result of her condition. She took a leave of absence because of these complications on July 31, 1995. By letter dated October 12, 1995, State Farm's Operations Superintendent—Metro Division advised plaintiff that her 125 days of paid sick leave would expire on January 4, 1996 and that on that date, she would be placed in a non-paid medical leave status until January 26, 1996. She was also advised that her employment would be terminated on January 26, 1996 if she was not able to return to work on that date. Plaintiff gave birth to a child on December 23, 1995. Her paid sick leave was terminated on January 4, 1996 and she was discharged from her employment on January 26, 1996. On April 15, 1997, plaintiff brought this action in New Jersey Superior Court, Passaic County, for wrongful discharge in violation of the New Jersey Family Leave Act (the "Leave Act"), N.J.S.A. 34:11 B–1, et seq., the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1. Plaintiff argues that she was entitled to a leave from employment under the Leave Act because of the birth of her child and that she was discriminated against because of her pregnancy or family status. Plaintiff claims that as a result of her discharge, she suffered "substantial personal injuries, including emotional distress" as well as financial losses. In addition, she seeks punitive damages.

On June 13, 1997, State Farm removed the action to this Court on the basis of diversity jurisdiction. State Farm is an Illinois corporation with its principal place of business in Illinois. Plaintiff is a New Jersey resident. State Farm has plead, upon information and belief, that the amount in controversy exceeds $75,000. This Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

To advance its present motion, defendant State Farm argues that plaintiff was not entitled to leave under the Leave Act because she had not worked at least 1,000 base hours during the twelve months preceding the birth of her child. The defendant contends that McConnell's NJLAD claim fails because she has not provided evidence that she was handicapped at the time her employment was terminated, that State Farm applied its leave policy in a discriminatory fashion, or that she was discriminated against because of her alleged medical disability or on any other basis. State Farm also asserts that an employer is not required to extend an employee's leave to accommodate her medical condition. It maintains that plaintiff has failed to state a claim for intentional infliction of emotional distress because she has not demonstrated that the alleged conduct was extreme and outrageous and she has not shown that she suffered severe emotional distress. Finally, defendant argues that even if the underlying substantive claims in this action are not dismissed, punitive damages are not appropriate under either NJLAD or the Leave Act because there is no evidence that its alleged conduct was exceptionally egregious.

Plaintiff has cross-moved to compel discovery. She claims that State Farm has not responded to her second document request. She seeks an order compelling State Farm to produce the requested documents. State Farm responds that although it objected to the production of certain requested documents, it has provided McConnell with approximately eight-hundred pages of documents identified in its responses to McConnell's first and second document requests.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue of fact and that [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party against whom a claim has been asserted "may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed.R.Civ.P. 56(b). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant and it is material if, under the substantive law, it would affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 318, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *See Sound Ship Building Corp. v. Bethlehem Steel Co.*, 533 F.2d 96, 99 (3d Cir.1976), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976). At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Wahl v. Rexnord, Inc.* 624 F.2d 1169, 1181 (3d Cir.1980).

### B. Plaintiff's Claim Under the Leave Act

State Farm maintains that plaintiff's claim under the Leave Act should be dismissed because she was not entitled to leave. State Farm asserts that the Leave Act does not provide family leave due to the employee's own health condition. Rather, the Act allows leave from employment to an employee to provide care to a family member. Further, State Farm avers that plaintiff was not entitled to leave because she had not worked the requisite number of base hours to qualify for the Leave Act. The defendant states that in order to qualify for leave, an employee must have worked at least 1,000 hours during the previous 12 month period. Because plaintiff only worked 786.25 base hours during the twelve months before her discharge and only 951.25 base hours during the twelve months preceding the birth of her child, she was not entitled to a leave of absence under the Act. A certification by Brian Heath, the Manager of Human Resources at State Farm's Northeastern Region Office, has been offered together with copies of payroll records of plaintiff as well as plaintiff's individual detail report as a record of all the hours plaintiff was absent in 1995. According to these rec-

ords, plaintiff worked 37.5 base hours per week, and if she had worked those hours for 52 weeks in the year 1995, she would have worked a total of 1,950 base hours. However, because plaintiff was absent for 998.75 hours between January, 1995 and December 23, 1995, she only actually worked a total of 951.25 base hours in the twelve months preceding the birth of her child.

Plaintiff argues that she informed State Farm in March, 1995 and again in October, 1995 that she intended to take leave pursuant to the Leave Act following the birth of her child in December, 1995. She contends that her eligibility for that leave should have been calculated as of the date of her original request. She maintains that because she had worked more than 1,000 hours during the twelve months preceding either March, 1995 or October, 1995, she was entitled to leave under the Leave Act after her child's birth in December, 1995. Plaintiff also asserts that even if her eligibility for the Leave Act were determined from the date of her child's birth, she had worked more than 1,000 hours during the twelve months preceding that date because her paid sick leave should be included in the calculation. Plaintiff also disputes State Farm's calculation of her base hours based on its payroll records and the number of hours she was absent.

Family leave is defined by the Leave Act as:

leave from employment so that the employee may provide care made necessary by reason of:

(1) the birth of a child of the employee;

(2) the placement of a child with the employee in connection with adoption of such child by the employee; or

(3) the serious health condition of a family member of the employee.

N.J.S.A. 34:11B–3(i). Under the Leave Act,

[a]n employee of an employer in this State [New Jersey] subject to the provi-sions of this act shall be entitled to a family leave of 12 weeks in any 24 month period upon advance notice to the employer. . . .

a. In the case of a family member who has a serious health condition, the leave may be taken intermittently when medically necessary. . . .

b. In the case of the birth or adoption of a healthy child, the leave may be taken intermittently if agreed to by the employer and the employee.

c. Leave taken because of the birth or placement for adoption of a child may commence at any time within a year after the date of the birth or placement for adoption.

N.J.S.A. 34:11B–4. The Leave Act defines an employee as "a person who is employed for at least 12 months by an employer, with respect to whom benefits are sought under this act, for not less than 1,000 base hours during the immediately preceding 12–month period." N.J.S.A. 34:11B–3(e).

The Leave Act allows employees to take leave from their employment to care for ill family members or newborn or recently adopted children. Under the Leave Act, when an employee seeks leave because of the birth of a child, she may take leave after, but not before, the birth of the child. An employee is eligible for leave under the act if she has been employed for at least twelve months and has worked at least 1,000 base hours during the twelve month period preceding the leave. The Leave Act defines base hours as "an employee's regular hours of working excluding overtime, for which an employee receives compensation." N.J.A.C. 13:14–1.2. Under the Leave Act, plaintiff could not have been granted leave until after the birth of her child on December 23, 1995. Plaintiff was not entitled to leave from her employment before the birth of her child due to her own health condition. To determine plaintiff's eligibility for leave under the Leave Act after December 23, 1995, this Court must ascertain whether she was employed

for not less than 1,000 hours during the preceding twelve months.

Plaintiff argues that her paid sick leave should be included in the calculation of her base hours of employment. Plaintiff's only support for this proposition is *Kenney v. Meadowview Nursing and Convalescent Ctr.*, 308 N.J.Super. 565, 706 A.2d 295 (App.Div.1998), which held that base hours include hours that an employee receives workers' compensation benefits for a work-related injury. State Farm maintains that the reasoning in *Kenney* does not apply here because plaintiff's sick leave did not arise from a work-related injury. Defendant maintains that there is no case law to support the proposition that paid sick leave should be included in the calculation of an employee's base hours. Defendant urges the Court to look to the regulations accompanying the federal Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. for guidance on the issue. State Farm refers the Court to two opinion letters issued by the United States Department of Labor's Wage and Hour Administrator which state that paid sick leave should not be included in the calculation of the minimum hours needed to meet the eligibility requirement for the FMLA.

There is merit to State Farm's position. *Kenney* is the only case which has interpreted the term "base hours" in the context of the Leave Act. In *Kenney*, the Appellate Division found that "it would violate the strong legislative mandate under the [Leave] Act and the Workers' Compensation Act to exclude the regular hours for which plaintiff was compensated while she was out on temporary disability for her work-related injury in counting the regular hours required under the Act." 308 N.J.Super. at 572, 706 A.2d 295. Here, plaintiff was not out on temporary disability for a work-related injury. Rather, she was out on a paid sick leave due to a medical condition unrelated to her work. Nothing in the statute suggests that "base hours" should include paid sick leave, un-

related to the employment, as "regular hours of working." And there is no reason why such leave should be considered in the calculation of base hours for the purposes of the Leave Act. When an employee is disabled because of a work-related accident, she may be justifiably considered to be prevented from "working" by the employment itself-an employment connected accident. She may also be considered to be "working" albeit temporarily disabled. That status is not available to the plaintiff here. No legal rationale exists, unlike in workers' compensation circumstances, that an employee is "working" during such sick leave. As for McConnell's objection to State Farm's calculations, State Farm is justified to use its payroll records and records of plaintiff's absences to determine her base hours. Because plaintiff was not employed for at least 1,000 hours during the twelve months preceding the birth of her child, she was not eligible for leave under the Leave Act. Plaintiff's claim under the Leave Act in the First Count of the complaint is dismissed and her claim for punitive damages in the Second Count for violations of the Leave Act is also dismissed.

## C. Plaintiff's NJLAD Claim

State Farm moves for summary judgment to dismiss plaintiff's NJLAD claim because plaintiff has provided no evidence that she was handicapped at the time her employment was terminated and State Farm was not required to extend her leave to accommodate her medical condition. State Farm also contends that McConnell's NJLAD claim fails because she has not provided evidence that State Farm applied its leave policy in a discriminatory fashion or that she was discriminated against due to her alleged medical disability or on any other basis. Plaintiff responds that pregnancy is a recognized disability for the purposes of NJLAD and that she was discriminated against because of her pregnancy and familial status.

An analysis of an NJLAD employment discrimination claim utilizes the burden shifting method of proof established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See, e.g., Erickson v. Marsh and McLennan Co.*, 117 N.J. 539, 549–550, 569 A.2d 793 (1990); *Peper v. Princeton University Board of Trustees*, 77 N.J. 55, 81–83, 389 A.2d 465 (1978).

> To establish a prima facie case of discriminatory discharge, the plaintiff must prove: (1) that he or she is a member of a protected group; (2) that he or she was performing his job at a level that met his [or her] employer's legitimate expectations; (3) that he or she was nevertheless fired; and (4) that the employer sought someone to perform the same work after he or she left.

*Ditzel v. University of Medicine and Dentistry of New Jersey*, 962 F.Supp. 595, 602–603 (D.N.J.1997) (citing *Erickson*, 117 N.J. at 550–551, 569 A.2d 793; *Clowes v. Terminix International Inc.*, 109 N.J. 575, 597, 538 A.2d 794 (1988)). If the plaintiff establishes a prima facie case, the burden shifts to the employer defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Andersen v. Exxon Co.*, 89 N.J. 483, 493, 446 A.2d 486 (1982). The defendant need not prove that its proffered reason actually motivated the behavior because throughout the burden shifting model, the burden of proving intentional discrimination remains with the plaintiff employee. *Martinez v. National Broadcasting Co.*, 877 F.Supp. 219, 228 (D.N.J.1994). The defendant has no burden to prove good cause or failure, but need only "introduce evidence to create a factual issue concerning the existence of a legitimate justification for the action." *McKenna v. Pacific Rail Svc.*, 817 F.Supp. 498, 512 (D.N.J.1993). Once the defendant employer sets out a legitimate non-discriminatory reason for the adverse employment action, the burden of persuasion shifts back to the plaintiff employee to show that the defendant's proffered reason is merely a pretext for discrimination. *See Andersen*, 89 N.J. at 493, 446 A.2d 486.

Here, the plaintiff has alleged that she was discriminated against because of her pregnancy or familial status. New Jersey courts have held that discrimination on the basis of pregnancy is sex discrimination in violation of NJLAD. *Castellano v. Linden Board of Education*, 158 N.J.Super. 350, 386 A.2d 396, 402 (App.Div.1978), *mod. on other grounds*, 79 N.J. 407, 400 A.2d 1182 (1979); *Leahey v. Singer Sewing Co.*, 302 N.J.Super. 68, 694 A.2d 609 (Law Div.1996). In the allegation that her employment was terminated because of her pregnancy, plaintiff has plead that she was in a protected group and that she was fired. However, plaintiff has failed to plead the other elements of a prima facie case of discriminatory discharge because she has not alleged that she was performing her job at a level that met her employer's legitimate expectations and that the employer sought someone to perform the same work after she left. Plaintiff's NJLAD claim in the Third Count is dismissed and her claim for punitive damages in the Fourth Count for violations of NJLAD is dismissed.

## D. Plaintiff's Claim for Intentional Infliction of Emotional Distress

State Farm moves to dismiss plaintiff's claim for intentional infliction of emotional distress because plaintiff has failed to establish that it engaged in intentional and outrageous conduct. Plaintiff argues that she has plead that defendant engaged in intentional conduct because she has alleged that the defendant intentionally discharged her. Plaintiff asserts that it is her position that the defendant acted in "an intentional and egregious manner in firing [her] in violation of [NJLAD] and the [Leave Act], and that it was through this action that the Defendant should have been aware would cause severe distress

and did in fact cause said distress." (Pl.'s Br. at 20.)

The tort of intentional infliction of emotional distress requires proof of intentional and outrageous conduct by the defendant, proximate cause, and severe emotional distress. *Taylor v. Metzger*, 152 N.J. 490, 509, 706 A.2d 685 (1998)(citing *Buckley v. Trenton Sav. Fund Society*, 111 N.J. 355, 366, 544 A.2d 857 (1988)). Defendant's conduct must have been intended to produce emotional distress, and it must be shown to have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in civilized society. *Taylor*, 152 N.J. at 509, 706 A.2d 685 (citing the Restatement (Second) of Torts § 46 comment); *Gennari v. Weichert Co. Realtors*, 288 N.J.Super. 504, 550, 672 A.2d 1190, 1213 (App.Div.1996). Plaintiff's emotional distress must be so severe that no reasonable person could be expected to endure it. *Schillaci v. First Fidelity Bank*, 311 N.J.Super. 396, 709 A.2d 1375 (App.Div. 1998); *Gennari*, 288 N.J.Super. at 550, 672 A.2d at 1213.

It is for this Court to determine, whether, as a matter of law, the defendant's conduct as alleged was so outrageous and extreme that it would support a cause of action for intentional infliction of emotional distress. "Only where reasonable [persons] may differ is it for the jury, subject to the control of the court, to determine whether the conduct alleged in this case is sufficiently extreme and outrageous to warrant liability." *Cautilli v. G.A.F. Corp.*, 531 F.Supp. 71, 74 (E.D.Pa.1982)(applying New Jersey law). The question is whether a jury could find defendant's conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in civilized society. Examples of conduct found to be extreme and outrageous by New Jersey courts include, when a physician, knowing it to be false, told

parents their son was suffering from cancer; "spreading a false rumor that plaintiff's son had hung himself; bringing a mob to plaintiff's door with a threat to lynch him if he did not leave town; and wrapping up a gory dead rat inside a loaf of bread for a sensitive person to open." *Hume v. Bayer*, 178 N.J.Super. 310, 315, 428 A.2d 966, 968 (1981)(citing Prosser, Law of Torts § 12 at 50 (4th ed.1971)).

Plaintiff has failed to state a claim for intentional infliction of emotional distress. The conduct of which plaintiff complains, that State Farm intentionally discharged her after the birth of her child and after five months of paid sick leave, does not rise to the level of intentional and outrageous conduct. Defendant's conduct as alleged was not so outrageous and extreme that it would support a cause of action for intentional infliction of emotional distress. No reasonable fact-finder could make that conclusion. Plaintiff's claim for intentional infliction of emotional distress in the Fifth Count of the complaint is dismissed.

### E. Plaintiff's Cross–Motion to Compel Discovery

Plaintiff has cross-moved to compel defendant to produce documents responsive to her second document request. Because plaintiff's complaint has been dismissed, her motion is now moot. Additional discovery would not have salvaged her complaint because her claims failed as a matter of law.

### CONCLUSION

Defendant's motion for summary judgment to dismiss the complaint is granted. Plaintiff's cross-motion to compel discovery is denied.

SO ORDERED.

### ORDER

This matter is before the Court on the motion of defendant State Farm Mutual

Insurance Company ("State Farm") for summary judgment to dismiss the complaint and the cross-motion of plaintiff Laura McConnell to compel discovery. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion,

It is on this day of August, 1999:

ORDERED that State Farm's motion for summary judgment to dismiss the complaint is granted;

ORDERED that McConnell's cross-motion to compel discovery is denied.