**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0445-18T2

FRANCESCA CERRIGONE,

    Plaintiff-Appellant,

v.

WILLIAM EWING,

    Defendant-Respondent.

_____

> Argued July 16, 2019 – Decided July 31, 2019
>
> Before Judges Vernoia and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3285-17.
>
> Daniel J. Williams argued the cause for appellant (John J. Pisano, attorney; John J. Pisano, on the brief).
>
> Thomas W. Griffin argued the cause for respondent (Litvak & Trifiolis, PC, attorneys; Thomas W. Griffin, on the brief).

PER CURIAM

In this personal injury action, plaintiff Francesca Cerrigone appeals from an order granting her landlord, defendant William Ewing,[1] summary judgment dismissing the complaint. We affirm.

I.

Because we consider the court's order granting summary judgment, we detail the undisputed facts before the motion court and consider those facts in the light most favorable to plaintiff, the party opposing defendant's summary judgment motion. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

We limit our discussion of the undisputed facts to those presented in the statements of material fact and opposition submitted to the court in accordance with Rule 4:46-2(a) and (b), and do not consider or rely on information, evidence, and purported facts that were not presented to the motion court in accordance with the Rule. See Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998) (refusing to consider "factual assertions in [the] appeal that were not properly included in the motion . . . for

---

[1] Defendant asserted before the motion court that the complaint was "improperly pleaded" against him and that the proper defendant is "379 Bloomfield Avenue, Inc." but there was no motion to dismiss the complaint based on that claim and he remains the only named defendant in the action.

A-0445-18T2

summary judgment below" pursuant to Rule 4:46-2). As such, we reject plaintiff's reliance on any purported facts that were not submitted to the motion court in accordance with Rule 4:46-2(a) and (b) and that are asserted for the first time on appeal.[2]

The facts supporting defendant's motion are not disputed.[3] This action arises out of an incident in an apartment plaintiff leased from defendant. According to plaintiff, the top half of the window suddenly dropped on her fingers when she "was going to unlock the window." In her complaint, plaintiff alleged she suffered injuries to her hand when, "due to a deteriorated, defectively

---

[2] In her brief on appeal, plaintiff ignores the undisputed facts presented to the motion court in accordance with Rule 4:46-2(a) and (b), and instead incorrectly relies on deposition transcripts to support purported facts that were never presented to the motion court in the first instance. Plaintiff's attempted reliance on such purported facts is rejected because it ignores the Rule's clear requirements, constitutes an improper assertion of purported facts for the first time on appeal and unfairly deprives defendant of the opportunity to contest the facts in accordance with the established and requisite procedure under the Rule.

[3] In support of his motion, defendant submitted ten statements of material fact in accordance with Rule 4:46-2(a). In response, plaintiff admitted nine of the statements, and denied two of the statements but her denials are untethered to citation to competent record evidence, R. 4:46-2(b), and therefore each of defendant's statements of material facts is deemed admitted, ibid. "[T]he party opposing" a summary judgment "motion bears the affirmative burden of responding. That burden is not optional . . . and it cannot be satisfied by the presentation of incompetent or incomplete proofs." Polzo v. County of Essex, 196 N.J. 569, 586 (2008). Plaintiff did not satisfy that burden here.

A-0445-18T2

maintained window . . . the spring/mechanism, which ordinarily exists so as to forestall a sudden drop[,] was not present, thereby causing the window to drop forcefully onto [her] fingers." Plaintiff alleged defendant negligently failed "to warn and/or alleviate the . . . window defect," "failed and neglected to provide a safe and proper place" and "failed to . . . keep the . . . window from deteriorating into a hazardous condition."

Prior to the date of the incident, plaintiff had not made any complaints to defendant about the window or provided actual notice to defendant about any alleged defects in the window. Plaintiff did not present any evidence that defendant had notice of the alleged defect in the window prior to the incident. Plaintiff did not serve a liability expert report during discovery.

Based on those undisputed facts, defendant argued he was entitled to summary judgment because plaintiff lacked evidence showing he had notice of the alleged defective window and plaintiff offered no expert report or testimony supporting her claim the window was defective. In response, plaintiff argued she could establish defendant's negligence through application of the doctrine of res ipsa loquitur.

The court granted defendant's motion, finding plaintiff lacked any evidence that defendant had actual or constructive notice of the allegedly

4

defective window. The court also rejected plaintiff's reliance on res ipsa loquitur because plaintiff failed to present evidence supporting an element essential to application of the doctrine—that the window was within defendant's exclusive control. The court entered an order granting summary judgment to defendant and dismissing the complaint. This appeal followed.

II.

Our review of an order granting a party's motion for summary judgment "is premised on the same standard that governs the motion judge's determination." RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). That is, we view the evidence in the light most favorable to the non-moving party to determine whether there exist genuine disputes of material fact. Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 256 (2018); see also Brill, 142 N.J. at 540.

We review a grant of summary judgment de novo, determining whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38 (2012). Summary judgment is appropriate when there is no genuine issue of material fact, and the evidence "is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty

Lobby, 477 U.S. 242, 252 (1986)).  Provided there are no genuine issues of material fact, we review issues of law de novo.  Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

We have carefully reviewed the record and, based on the parties' Rule 4:46-2 submissions, conclude there are no genuine issues of material fact.  We consider the issues of law de novo.  Ibid.

Plaintiff's complaint asserts a negligence claim against defendant.  "To prevail on a claim of negligence, a plaintiff must establish four elements:  (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages."  Fernandes v. DAR Dev. Corp., 222 N.J. 390, 403-04 (2015).  "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide."  Morris v. T.D. Bank, 454 N.J. Super. 203, 209 (App. Div. 2018) (alteration in original) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "[W]hether the duty was breached is a question of fact."  Ibid.  (alteration in original) (quoting Jerkins v. Anderson, 191 N.J. 285, 305 (2007)).

"[A] landlord has a common law duty to exercise reasonable care to keep the premises in a reasonably safe condition to guard against foreseeable dangers arising from the use of the premises."  J.H. v. R & M Tagliareni, LLC, 454 N.J.

6

Super. 174, 181 (App. Div. 2018). The "duty arises when the harm is foreseeable and the landlord has sufficient control to prevent it." Scully v. Fitzgerald, 179 N.J. 114, 123 (2004). A landlord must "maintain and repair those facilities in or out of the tenant's premises which are an integral part of the equipment under his [or her] control, such as water pipes, heating pipes and radiators, plumbing fixtures, electrical equipment and the like." Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 52 (App. Div. 1973).

Establishing a breach of the landlord's duty "requires not only proof of the condition which caused the injury but that the condition was known or should have been known by the landlord prior to the occurrence, so that he had an opportunity to correct it." Ibid. Thus, "a landlord is liable only for injurious consequences to a tenant by reason of defects 'of which he [or she] has knowledge or of defects which have existed for so long a time that . . . he [or she] had both an opportunity to discover and to remedy.'" Id. at 52-53 (quoting Francisco v. Miller, 14 N.J. Super. 290, 296 (App. Div. 1951)).

Here, the undisputed facts before the motion court did not permit a finding that defendant breached a duty owed to plaintiff. Plaintiff not only failed to present any evidence that defendant had notice of the alleged window defect, the undisputed facts presented to the motion court—facts that plaintiff

admitted—established that defendant had no notice of the alleged defect. In addition, plaintiff did not submit any opposition to the summary judgment motion in accordance with Rule 4:46-2(b) demonstrating that the purported defect existed for a sufficiently long period of time such that defendant had an opportunity to discover or fix it. Lacking any evidence defendant had either notice of the alleged defect or an opportunity to discover it, plaintiff did not establish defendant owed a duty to repair the alleged defective window. See ibid. Thus, the court correctly determined plaintiff could not sustain her negligence claim.

Plaintiff argues the court erred by dismissing the complaint because she could otherwise establish defendant's negligence by application of the doctrine of res ipsa loquitur. The doctrine "where applicable, is a method of circumstantially proving the existence of negligence," Szalontai v. Yazbo's Sports Cafe, 183 N.J. 386, 400 (2005) (quoting Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84, 95 (1999)), and permits an inference establishing a prima facie case of negligence, Jerista v. Murray, 185 N.J. 175, 192 (2005); Mayer v. Once Upon A Rose, Inc., 429 N.J. Super. 365, 373 (App. Div. 2013). To invoke the doctrine, a plaintiff must establish that "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality [causing the injury] was within the

defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Szalontai, 183 N.J. at 398 (alteration in original) (quoting Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288 (1984)); Mayer, 429 N.J. Super. at 373.

The first factor, that the occurrence ordinarily bespeaks negligence, is dependent on "whether based on common knowledge the balance of probabilities favors negligence, thus rendering fair the drawing of a res ipsa inference." Jerista, 185 N.J. at 199. Where "the res ipsa inference falls outside of the common knowledge of the factfinder and depends on scientific, technical, or other specialized knowledge . . . expert testimony [is] required." Ibid.; see also Buckelew v. Grossbard, 87 N.J. 512, 528-29 (1981) (requiring expert testimony establishing the standard of care in medical malpractice case to permit res ipsa loquitur inference); cf. Mayer, 429 N.J. Super. at 376-77 (finding expert testimony was not required for a res ipsa loquitur inference because it was within the common knowledge of jurors that "too much pressure applied to glass can cause it to break").

Here, the undisputed facts do not permit the conclusion that the falling window bespeaks negligence. Although plaintiff alleged in her complaint the window fell due to a missing "spring/mechanism," she offered no competent

evidence supporting the claim and, in our view, whether the alleged missing "spring/mechanism" caused the window to fall is beyond the common knowledge of a jury and requires expert testimony to support application of res ipsa loquitur. See Szalontai, 183 N.J. at 398. Without expert testimony, plaintiff did not establish "that it is more probable than not that the defendant's negligence was a proximate cause of the mishap," Brown, 95 N.J. at 291-92; see also Jerista, 185 N.J. at 192, and failed to demonstrate that the incident bespeaks negligence.

Even if, as the motion court found, plaintiff presented sufficient evidence supporting a finding that the occurrence of the accident bespeaks negligence, plaintiff is not entitled to an inference of negligence based on the doctrine of res ipsa loquitur because she failed to demonstrate the alleged defective window was within defendant's exclusive control. Szalontai, 183 N.J. at 398. Other than establishing that plaintiff leased the residence from defendant, the Rule 4:46-2 submissions are bereft of any facts establishing the window was in defendant's exclusive control when the accident occurred. In fact, the Rule 4:46-2 submissions establish that plaintiff was in control of the window when the accident occurred; plaintiff alleges in her complaint that the accident occurred while she was unlocking the window. Thus, plaintiff failed to demonstrate the

window was in defendant's exclusive control as required to permit application of the doctrine of res ipsa loquitur.[4]

"Res ipsa loquitur is not a panacea for the . . . doomed negligence cause of action." Id. at 400. A plaintiff is not entitled to prosecute a case under the doctrine "any time there is an unexplained accident for which a defendant might plausibly be responsible." Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 545 (App. Div. 1996). Plaintiff did not present evidence establishing all of the elements required for application of the doctrine and, as a result, the court correctly rejected plaintiff's reliance upon it in granting defendant's summary judgment motion.

Any arguments presented by plaintiff that we have not directly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Because plaintiff failed to establish either of the first two factors required for application of the doctrine of res ipsa loquitur, it is unnecessary to consider or decide whether plaintiff satisfied the third factor—that "there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect," Szalontai, 183 N.J. at 398 (citation omitted)—other than to note that the undisputed facts presented to the motion court do not directly address this factor.

A-0445-18T2