**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2074-21

PHILIP GRILL,

    Plaintiff-Appellant,

v.

RUTGERS UNIVERSITY
and DAVID AMADOR,

    Defendants-Respondents.

_____

Submitted November 9, 2023 – Decided November 27, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4609-19.

Law Office of David H. Kaplan, LLC, attorneys for appellant (David H. Kaplan, of counsel; Jeffrey Zajac, on the brief).

Greenbaum, Rowe, Smith & Davis, LLP, attorneys for respondents (Maja M. Obradovic, of counsel and on the brief; Joel Clymer, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

Plaintiff Philip Grill appeals from an amended order granting summary judgment to defendants Rutgers University and David Amador (collectively "defendants") on plaintiff's causes of action for violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and breach of an implied contract. Based on our review of the summary judgment record, the parties' arguments, and the applicable legal principles, we vacate the summary judgment order, remand for reconsideration of the motion, and direct that the court make appropriate findings of fact and conclusions of law supporting its disposition of the motion as required under Rule 1:7-4.

Discovery in the case revealed that following its merger with the University of Medicine and Dentistry of New Jersey (UMDNJ), Rutgers decided to eliminate its physical mailroom and replace it with a digital mailroom that was to be maintained by an outside contractor. Rutgers determined the reorganization of the mailroom would result in a cost savings of $875,000.

Plaintiff was born in May 1954 and employed by Rutgers as a principal clerk from February 2013 to April 2018. Plaintiff claims that in a May 2015 meeting with Rutgers's accounts payable manager Amador, he was advised

2

Rutgers intended to eliminate his position due to the reorganization of the mailroom and that the "reorganization was not performance related."

In his complaint against defendants, plaintiff alleged that following the termination of his employment, Rutgers gave his job duties to other employees, fired "two older employees in plaintiff's group," and hired a younger employee. Plaintiff also alleged he was qualified to perform the essential functions of his job, and his work performance had met Rutgers's legitimate expectations. Plaintiff further averred he had notified defendants of what he claimed was discriminatory treatment and defendants failed to "remediate" the wrongful termination of his employment.

Plaintiff also claimed Rutgers had issued an employee manual setting forth the terms and conditions of his employment. According to plaintiff, the manual prohibited discrimination in violation of the LAD "and otherwise acting in a discriminatory or retaliatory manner."

Plaintiff's complaint asserted four causes of action. Plaintiff claimed Rutgers's actions constituted age discrimination in violation of the LAD and Amador violated the LAD by aiding and abetting Rutgers's unlawful discrimination. Plaintiff also claimed Rutgers had breached an implied contract—the employee manual—by violating its prohibition against

3

discrimination. Plaintiff's complaint also included a cause of action for punitive damages.[1]

Following completion of discovery, defendants moved for summary judgment. In support of the motion, defendants filed a 110-paragraph statement of material facts supported by certifications that included 657 pages of exhibits. Plaintiff filed a response to defendants' statement of material facts and what constituted a counterstatement of material facts spread across 61 paragraphs. Plaintiff's response and counterstatement were supported by his counsel's certification, which included exhibits totaling 134 pages. Defendants filed supplemental certifications with an additional 144 pages of exhibits and a separate 101-paragraph, 96-page statement in response to plaintiff's opposition to defendants' statement of material facts and in reply to plaintiff's counterstatement of material facts.

In support of their summary judgment motion, defendants argued plaintiff lacked evidence establishing a prima facie age-discrimination claim under the LAD. See generally Meade v. Twp. of Livingston, 249 N.J. 310, 328-30 (2021) (explaining the analytical framework for determining an LAD discrimination

---

[1] The complaint also included a separate cause of action against fictitiously named parties, but plaintiff never amended the complaint to identify those parties.

claim that is founded on circumstantial evidence); Victor v. State, 203 N.J. 383, 409 (2010) (explaining the elements of a prima facie claim of wrongful termination in violation of the LAD). Defendants further argued that even if plaintiff had presented sufficient evidence establishing a prima facie cause of action for age discrimination, they were entitled to summary judgment because plaintiff could not sustain his burden of establishing defendants' legitimate non-discriminatory reason for the termination of his employment—the reorganization of the mailroom and attendant cost savings—was a pretext for the alleged age discrimination. See ibid.

Plaintiff argued defendants were not entitled to summary judgment because the record presented, when viewed in a light most favorable to him, Brill v. Guardian Life Ins. of Am., 142 N.J. 520, 540 (1995), satisfied his burden of establishing a prima facie case of age discrimination and that defendants' stated legitimate non-discriminatory reason for terminating his employment was a pretext for age discrimination. Plaintiff further argued there were a myriad of genuine issues of material fact precluding a summary-judgment award. See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014).

Following argument on the motion, the court rendered an opinion from the bench explaining that in its view the summary-judgment record presented a

case that is "kind of factually and legally on all fours" with our decision in Young v. Hobart West Group, 385 N.J. Super. 448 (App. Div. 2005). The court tersely summarized some of the facts in Young and then briefly referred to a few of the purported facts in this case, noting that following Rutgers's merger with UMDNJ, the "mail room was dismantled" to replace the "antiquated physical mailroom" with a "digital mailroom" at a cost savings of "$875,000."

The court then again briefly restated some of the facts in Young and noted the plaintiff in Young had failed to present evidence the defendant's "stated legitimate, non-discriminatory reason for termination of [Young's] position . . . was a pretext." The court also opined that the "problem" with plaintiff's case is that "he probably could get by with a prima facie case," and then the court found "the fourth element" of a prima facie discrimination claim "and the ability to establish that the stated reasons for the defense is a pretext are sort of one in the same thing."[2]

---

[2] Because we vacate the court's order and remand for other reasons, it is unnecessary to address plaintiff's claim that the court erred in its explanation of the standard for determining whether a plaintiff has established a prima facie discrimination claim and whether a plaintiff has sustained the burden of establishing an employer's legitimate nondiscriminatory reason for an adverse employment action is a pretext. See, e.g., Zive v. Stanley Roberts, Inc., 182 N.J. 436, 446-55 (2005) (detailing the elements of a prima facie case of age discrimination and a plaintiff's burden of establishing a defendant's legitimate non-discriminatory reason for terminating an employee is a pretext).

The court found it was undisputed Rutgers had embarked on "getting rid of a physical mailroom and having a digital mailroom" because it would be more modern and less expensive to do so. Without making a single finding of fact based on the parties' extensive Rule 4:46-2 submissions and the accompanying voluminous record, the Court concluded it would not be "possible for . . . plaintiff to sustain [his] burden of" proving both the fourth element of a prima facie discrimination claim or that defendants' stated reason for terminating plaintiff's employment was a pretext for unlawful discrimination.

The court entered an order granting defendants' summary judgment motion. This appeal followed.

"In light of the important interests at stake when a party seeks summary judgment, [a] motion court must carefully evaluate the record in light of the governing law, and determine the facts in the light most favorable to the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (emphasis added) (citing R. 4:46-2(c)). Rule 4:46's requirements are "designed to 'focus [a court's] . . . attention on the areas of actual dispute' and [to] facilitate the court's review of the motion." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 488 (App. Div. 2003) (second alteration in original) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:46-2 (2003)).

Application of Rule 4:46 requires that a motion court determine the facts in the light most favorable to the non-moving party by reviewing the statements of material fact, deciding which facts are undisputed, determining whether disputed facts are material, and analyzing whether the undisputed facts permit entry of a judgment in the moving party's favor as a matter of law. See e.g., Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998) (finding a court must decide a summary judgment motion based on the "factual assertions . . . that were . . . properly included in the motion [for] and [in opposition to] . . . summary judgment" in accordance with Rule 4:46-2). We can determine if the court correctly analyzed the parties' Rule 4:46-2 statements, found the undisputed facts, and made the appropriate legal conclusions only if the court makes the required findings of fact, and correlates them to the applicable law, in the first instance. See Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000) (explaining a court reviewing a summary judgment order must measure the trial court's "factual findings" correlated to its legal conclusions "against the standards set forth in" Brill, 142 N.J. at 540). Indeed, "[t]he obligation to make specific findings on summary judgment motions in accordance with [Rule] 1:7-4 has been explicitly stated in [Rule] 4:46-2 since 1972." Ibid.; R. 1:7-4(a) (requiring a "court, by an

8

opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon").  That obligation was not fulfilled here.

We have observed that "neither the parties nor [a reviewing court] are well-served by an opinion devoid of analysis."  Checchio, 335 N.J. at 498.  "Failure to make explicit findings and clear statements of reasoning '"constitutes a disservice to the litigants, the attorneys and the appellate court."'"  Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)).  And, of course, it is impossible to determine if the court correctly satisfied its obligation to "determine the facts in the light most favorable to the non-moving party" where, as here, the summary judgment award is based solely on brief and cursory references to no more than a few purported facts.

We recognize that we conduct a de novo review of a summary judgment order applying the same standard as the trial court, Conforti v. Cnty. of Ocean, 255 N.J. 142, 162 (2023), but "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa," Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018).  We decline to exercise original jurisdiction here because disposition of the issues presented by defendants' summary judgment motion is necessarily dependent on proper findings of the undisputed facts based on a careful analysis of the parties' Rule

4:46-2 statements, and the motion court is required to conduct that analysis and make those findings in the first instance. See ibid.; see also Price v. Himeji, LLC, 214 N.J. 263, 294 (2013) (explaining Rule 2:10-5 "allow[s an] appellate court to exercise original jurisdiction to eliminate unnecessary further litigation, but discourage[s] its use if factfinding is involved") (alterations in original) (quoting State v. Santos, 210 N.J. 129, 142 (2012)).

In the absence of such findings, we vacate the summary judgment order and remand for reconsideration of the motion anew. Est. of Doerfler, 454 N.J. Super. at 302. The court shall permit re-argument by the parties' counsel and conduct such proceedings as may be appropriate based on the arguments presented. The remand court shall conduct the requisite analysis of the parties' Rule 4:46-2 statements, the competent evidence presented, and the applicable legal principles, and make findings of fact and conclusions of law as required under Rule 1:7-4 in support of its decision. See Checchio, 335 N.J. Super. at 498 (explaining a court deciding a summary judgement motion "is obliged to set forth factual findings and correlate them to legal conclusions").

Nothing in this opinion shall be construed as expressing an opinion on the merits of defendants' motion or plaintiff's opposition.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                    A-2074-21