185 N.J. Super. 86 (1982)
447 A.2d 577
THOMAS L. STIX, JR., AND DOROTHY K. STIX, PLAINTIFFS-APPELLANTS,
v.
GREENWAY DEVELOPMENT CO., INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1982.
Decided April 7, 1982.
Before Judges MILMED, JOELSON and GAULKIN.
*87 Marshall H. Kozinn argued the cause for plaintiffs-appellants (Kozinn & Bank, attorneys).
Donald L. Minassian argued the cause for defendant-respondent (Draesel, Sunshine & Atkins, attorneys).
The opinion of the court was delivered by MILMED, P.J.A.D.
Plaintiffs appeal from an order of the Law Division granting summary judgment in favor of defendant and dismissing plaintiffs' complaint, with prejudice.
The complaint, which was filed October 28, 1980, is in two counts. Both counts are grounded on alleged breach of contract and negligence by defendant in its construction for plaintiffs, prior to January 11, 1963, of a dwelling house in Norwood. In the first count plaintiffs seek damages from defendant allegedly flowing from "the poor, defective and improper workmanship and the negligence of the defendant in constructing the dwelling house," resulting in the "buckling and collapse" of the basement foundation wall on April 10, 1980, "causing water, mud and other debris to enter into the basement of the said premises and undermining the entire structure which was then being used by the plaintiffs as their dwelling." Plaintiffs assert that at the time they bought the property from defendant "on or about" January 11, 1963, "they relied upon the representations of defendant, its agents, servants and/or employees to the effect that the construction of the dwelling had been properly completed and done in a good and workmanlike manner as was required by" the contract between the parties. In the second count of the complaint plaintiffs seek damages for their "great emotional upset," the disruption of their home life, and the "great anguish and distress" which they were caused, resulting from "the negligence and improper workmanship of the defendant and the occurrence of April 10, 1980."
In its answer to the complaint defendant denied the allegations regarding negligence and the manner in which it had *88 constructed the building and, among its separate defenses, asserted that "[t]he plaintiffs are barred from recovery by reason of the statute of limitations, N.J.S.A. 2A:14-1.1." It then moved for summary judgment dismissing the complaint with prejudice and with costs. In his certification filed in opposition to the motion, plaintiff Thomas L. Stix, Jr. stated, among other things, that "between the execution of the contract and the closing of title on or about January 11, 1963, while the house was under construction," he and his wife
... learned that the cinder block foundation wall (the collapse of which in April, 1980, is the subject of the present law suit), had collapsed during its initial construction by defendant. We were assured by defendant, through its foreman and site representatives, that the collapsed wall had been properly repaired in accordance with sound construction principles and technique, that there was no permanent damage to the wall, and that the condition would, in no way, undermine the structure.
He further asserted that he and his wife relied upon defendant's representation and assurance; that after the collapse of the wall in April 1980 they "ascertained that the ... statements and representations made to [them] were false and fraudulent" and "believe" that they "were made for the purpose of lulling [them] into a false sense of security"; and that "as a result of the fraud of defendant, [it] should not be able to avail itself, at this time, of the provisions of N.J.S.A. 2A:14-1.1 as a bar to plaintiffs' recovering in the instant law suit...."
Judge Malech, who heard the matter in the trial court, concluded that since more than ten years (actually more than 17 1/2 years) had elapsed after completion of the building, the complaint was time-barred by the statute. We agree and affirm.
It is entirely clear to us that each of the two counts set forth in the complaint falls squarely within the ambit of N.J.S.A. 2A:14-1.1. Each is, accordingly, barred by the ten-year time limitation on causes of action set forth in that legislation. The full text of the statute reads as follows:
No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an *89 injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
E.A. Williams, Inc. v. Russo Develop. Corp., 82 N.J. 160 (1980), relied upon heavily by plaintiffs, is clearly inapposite. That case was concerned with a surveying error which "did not create a hazardous or unsafe condition in the building but rather resulted in its functional impairment with consequential economic losses entailed in its correction." Id. at 172. Since N.J.S.A. 2A:14-1.1 "does not cover this type of defect," it was for that reason held inapplicable "as a defense to the claims" there asserted. Id. Here, on the other hand, plaintiffs seek damages flowing from defendant's alleged negligent and improper workmanship causing a collapse of the basement foundation wall and consequent undermining of the entire building  a situation obviously "hazardous to the well-being and safety of persons ... coming into contact with the improvement or structure." Id. at 171. Such claims plainly fall within the ambit of N.J.S.A. 2A:14-1.1.
In a comprehensive analysis of the purpose and meaning of the statute, Justice Handler, in his opinion for the court in E.A. Williams, Inc., aptly observed that
From a view of the statute as a whole and from a consideration of the purposes underlying its passage, it is reasonable to conclude that the statute was intended to terminate the liability of all persons who might be responsible for the existence of "defective and unsafe" conditions through their negligent design, plan, or construction of an improvement to real property. [at 169]
He stressed the fact that
... the statute prevents what might otherwise be a cause of action from ever arising. Injury occurring more than ten years after the performance of the *90 negligent act simply forms no basis for recovery. The injured party literally has no cause of action. [at 167].
Plaintiffs contend that "based upon the fraudulent representation made by Defendant-Respondent, [they] were lulled into a false sense of security in accepting the structure," and since "the Statute is silent on the question of whether or not the limitation is inapplicable in the case of fraud," defendant "would be estopped from pleading the Statute as a bar to recovery, based upon its fraud ..." We find the issue raised to be clearly without merit. It was directly addressed by this court in Hudson Cty. v. Terminal Constr'n Corp., 154 N.J. Super. 264 (App.Div. 1977), certif. den. 75 N.J. 605 (1978). There the court noted:
Since the discovery rule is an instrument of equity, it might seem proper, at first, to allow the rule to be applied in those cases where it is alleged that there was a purposeful concealment of a defect. (The fraud-like deception alleged herein was the bending back of the metal ties and cutting off the back of tiles so that they would take up less space and conceal the fact that the cinder block wall was built too far into the stairwell.) However, virtually all latent defects in construction could probably be subject to the allegation that they were purposefully concealed. Certainly any suit against an architect based on the fact that he incorrectly certified work as being completed in accordance with the specifications and in a workmanlike manner may be framed in terms of an accusation that the certification was made with knowledge of the defect. Such an exception would quickly engulf the statute (N.J.S.A. 2A:14-1.1) and render it worthless. This contention of plaintiffs is rejected. [154 N.J. Super. at 268-269]
Since the language of the statute is plain, unambiguous, and obviously "within the constitutional authority of the law-making body which passed it," our function "is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442, 452 (1917). And see 2A Sutherland, Statutory Construction (4 ed. Sands 1973), § 46.01 at 48. It is clear that the legislation prevents a pertinent cause of action "from ever arising after a ten-year period." Hudson Cty. v. Terminal Constr'n Corp., supra., 154 N.J. Super. at 270.
The order under review is affirmed.