**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4154-17T3

THE OZ CONDOMINIUM
ASSOCIATION, INC.,
a New Jersey not-for-profit
corporation,

      Plaintiff-Appellant,

v.

OZ, LLC, and METRO HOMES, LLC,

      Defendants-Respondents,

and

DEAN S. GEIBEL, ARAM PAPAZIAN,
MICHAEL H. SCHWERTFEGER,
WATERFRONT MANAGEMENT,
SJ CARNEY, UNITED ASPHALT
COMPANY, H&C ENTERPRISES, LLC,
and 70 ADAMS STREET, LLC,

      Defendants.

_____

Argued May 22, 2019 – Decided July 17, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2508-14.

Bernadette Condon argued the cause for appellant (Lum, Drasco & Positan, LLC, attorneys; Paul A. Sandars, III, of counsel and on the briefs; Bernadette Condon, on the briefs).

Sunny M. Sparano argued the cause for respondents (Marshall Dennehey Warner Coleman & Goggin, attorneys; Sunny M. Sparano, of counsel and on the brief; Ian J. Antonoff, on the brief).

PER CURIAM

The Oz Condominium Association, Inc. (plaintiff or Association), appeals from the Law Division's February 7, 2018 order, which granted summary judgment in favor of defendants Oz, LLC (Oz LLC), and Metro Homes, LLC (Metro Homes), on plaintiff's claims for damages due to water leakage allegedly resulting from defects in the design, construction, and repair of the Oz Condominium (Condominium) building.  We affirm.

I.

We discern the following material undisputed facts from the record before the motion court and view the facts and all reasonable inferences therefrom in

the light most favorable to plaintiff, the non-moving party.[1] R. 4:46-2(c); Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009).

The Condominium is a five-story building located in Hoboken that contains fifty-four residential units and one commercial unit. Plaintiff "is a non-profit condominium [association] formed pursuant to the New Jersey Condominium Act." Plaintiff is responsible for the maintenance, management, and operation of the Condominium's common elements.

Dean S. Geibel is an owner and member of Oz LLC, Metro Homes, and Waterfront Management (Waterfront). Oz LLC was the registered Sponsor of the Condominium. Metro Homes was an entity established for the branding and marketing of Geibel's various projects, including the Condominium. Waterfront acted as the property manager for the Association from 2004 until the

---

[1] We limit our findings of the undisputed facts to those presented in the statements of material fact and opposition submitted to the court in accordance with Rule 4:46-2(a) and (b), and do not consider or rely on information, evidence, and purported facts that were not presented to the motion court in accordance with the Rule. See Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998) (refusing to consider "factual assertions in [the] appeal that were not properly included in the motion . . . for summary judgment below" pursuant to Rule 4:46-2). As such, we reject the parties' reliance on any purported facts that were not included in their Rule 4:46-2(a) and (b) statements and that are asserted for the first time on appeal, even if supported by citation to deposition transcripts that were included in the record presented to the motion court.

A-4154-17T3

Association terminated its agreement with Waterfront in 2013 and retained a new property manager. Nick Colvin served as property manager of the Condominium from July 2004 through 2009. Colvin testified Metro Homes paid for some repairs to the Condominium from 2004 through 2008 to 2009.

Pursuant to its bylaws, the Association is governed by a board consisting of three trustees who were initially appointed by the Sponsor. The bylaws also provide that within sixty days of the sale of seventy-five percent of the Condominium units, the Association trustees shall be elected by the unit owners, excluding the Sponsor. Seventy-five percent of the units were sold on November 3, 2003, and one hundred percent of the units were closed as of February 15, 2004. The City of Hoboken issued a temporary certificate of occupancy (TCO) for the Condominium on March 26, 2004.

Plaintiff filed suit against Oz LLC, Metro Homes, and several individuals and companies in June 2014 for alleged design and construction deficiencies in the Condominium's roof and exterior that resulted in water leakage and required extensive repairs. Plaintiff's fourth amended complaint asserted claims against Oz LLC and Metro Homes in Counts One through Five, Twelve, and Seventeen through Twenty-two for negligence, breach of express warranties, breach of implied warranties, breach of fiduciary duty, equitable reformation of the Master

Deed, breach of fiduciary duty (budget), violations of the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38, violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, declaratory judgment regarding the property's storage room, and budget violations under the Planned Real Estate Development Full Disclosure Act (PREDFDA), N.J.S.A. 45:22A-21 to -56, as well as breaches of PREDFDA warranties.[2]

Oz LLC and Metro Homes moved for summary judgment, arguing the statute of repose, N.J.S.A. 2A:14-1.1(a), barred all of plaintiff's claims because they pertained to the design or construction of the Condominium and were filed more than ten years after substantial completion of the Condominium. Plaintiff opposed the motion, arguing the exception to the statute of repose, which exempts claims against parties "in actual possession and control . . . of the

---

[2] Count Twelve of the fourth amended complaint seeks equitable reformation of the Condominium's Master Deed to re-compute the commercial unit's percentage interest in the common expenses as to defendants Oz LLC, Metro Homes, Geibel and 70 Adams Street, LLC, the current owner of the commercial unit. Count Twenty-Two seeks a declaratory judgment that the storage room in the Condominium is not a limited common element of the commercial unit, but a common element of the Association. Both counts pertain to the rights and expenses of 70 Adams Street, LLC. The motion court declined to reform the Master Deed or render a declaratory judgment regarding the storage space. Plaintiff does not challenge on appeal the court's order dismissing these counts as to Oz LLC and Metro Homes.

improvement at the time the defective and unsafe condition . . . constitutes the proximate cause of the . . . damage," N.J.S.A. 2A:14-1.1(a), applied because Geibel's companies—Oz LLC, Metro, and Waterfront—together exercised de facto control over the Condominium and "were running the ship."[3] Plaintiff also argued defendants performed repairs on the common elements and, as a result, the limitations period under the statute of repose began anew.

The court heard oral argument, permitted the parties to submit supplemental briefs, issued an order granting summary judgment to Oz LLC and Metro Homes, and subsequently filed a written opinion. The court found the undisputed facts established defendants are separate entities, the statute of repose barred all of plaintiff's claims, and plaintiff failed to establish the requisite level of possession or control by defendants necessary to invoke the exception to the statute of repose. N.J.S.A. 2A:14-1.1(a). With regard to plaintiff's claim that repairs to the Condominium triggered a new ten-year limitations period under the statute of repose, the court found that, regardless of when a roof repair was made and whether it was an "improvement to real

---

[3]  Waterfront was not a party to the summary judgment motion and was represented by separate counsel from that of Oz LLC and Metro Homes.

A-4154-17T3

property" under the statute, it was done with the Association board's approval. Plaintiff appealed.

## II.

We review a grant of summary judgment de novo, determining whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38-41 (2012). Summary judgment is appropriate when there is no genuine issue of material fact, and the evidence "is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)). Provided there are no genuine issues of material fact, we review issues of law de novo. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

We have carefully reviewed the record and, based on the parties' Rule 4:46-2 submissions, conclude there are no genuine issues of material fact. We consider the issues of law de novo. Ibid. Plaintiff makes three arguments on appeal: (1) the statute of repose does not bar plaintiff's claims against Oz LLC and Metro Homes because the exception to the statute applies; (2) the statute of repose does not bar plaintiff's claims relating to the repairs performed by Oz

LLC and Metro Homes; and (3) the statute of repose does not bar plaintiff's claims under the PREDFDA, CFA, and New Jersey Condominium Act.

We begin by addressing whether the statute of repose applies in the first instance. "[T]he statute of repose imposes a ten-year limit upon actions against parties responsible for the design, planning, supervision or construction of improvements to real property." Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013). The statute provides that:

> No action, whether in contract, in tort, or otherwise, to recover damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property . . . arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction or construction of such improvement to real property, more than [ten] years after the performance or furnishing of such services and construction. This limitation shall serve as a bar to all such actions, both governmental and private, but shall not apply to actions against any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
>
> [N.J.S.A. 2A:14-1.1(a).]

The ten-year limitations period in the statute of repose "generally commences one day after issuance of the certificate of substantial completion for the project." State v. Perini Corp., 221 N.J. 412, 427 (2015). Substantial completion typically occurs "when the certificate of occupancy [is] issued and the architect certifie[s] to the owner that [the] building [is] substantially completed." Brandt, 214 N.J. at 94 (quoting Russo Farms, Inc. v. Vineland Bd. of Educ., 144 N.J. 84, 117 (1996)).

The undisputed material facts establish that the Condominium was substantially complete no later than March 27, 2004, the day after the City of Hoboken issued a TCO. See ibid. Plaintiff filed its initial complaint on June 3, 2014, more than ten years later and outside the time allowed by the statute of repose. See id. at 92. The motion court "correctly concluded that plaintiff had no actionable claim . . . if such claim could be considered as 'arising out of any defect or unsafe condition of an improvement to real property' or because of 'any deficiency in the design, planning, supervision or construction' of an improvement to real property." Brown v. Jersey Cent. Power & Light Co., 163 N.J. Super. 179, 187 (App. Div. 1978) (quoting N.J.S.A. 2A:14-1.1). "[T]he statute is a complete bar to plaintiff's claim to the extent that the claim arose out of the creation of the structure itself." Id. at 188. Therefore, the statute of repose

bars plaintiff's claims in Counts One, Two, Three, Four, Five, Seventeen, Eighteen, and Twenty-one, which seek to recover damages arising out of defects in the original "design, planning, surveying, supervision or construction" of the Condominium. N.J.S.A. 2A:14-1.1(a).

Plaintiff argues that Oz LLC and Metro Homes' conduct falls within the exception to the statute of repose such that the statute does not bar any of plaintiff's claims. "The statute of repose does not protect parties who are 'in actual possession and control [of the improvement] as owner, tenant, or otherwise' at the time that the defective and unsafe condition causes the injury or damage at issue." Brandt, 214 N.J. at 92 n.5 (alteration in original) (quoting N.J.S.A. 2A:14-1.1(a)). Therefore, to fall within the exception, plaintiff was required to establish that Oz LLC and Metro Homes were in possession and control of the Condominium at the time the defective conditions caused the damage at issue. The undisputed facts establish that the elected Association board took control of the Condominium from Oz LLC, the Sponsor, within sixty days of the sale of seventy-five percent of the units on November 3, 2003, and that damages requiring repair began in 2004. Plaintiff argues Oz LLC and Metro Homes were in actual possession of the Condominium as owners of the

commercial unit and that they controlled the Condominium through Waterfront, which plaintiff contends is indistinguishable from Oz LLC and Metro Homes.

We first address plaintiff's contention that Oz LLC and Metro Homes were in actual possession of the Condominium as owners. Plaintiff argues Oz LLC and Metro Homes "maintained continued possession and control over the project through their ownership of the commercial unit." Plaintiff has failed to present any competent evidence, pursuant to Rule 4:46-2, that Oz LLC or Metro Homes was an owner or tenant of the commercial unit when the defective conditions caused the damage at issue. Plaintiff alleged in its counterstatement of material facts that "Dean Geibel owned the commercial space at the [Condominium] from 2003 through at least 2010." Plaintiff did not allege in its counterstatement of material facts below that Oz LLC or Metro Homes owned the commercial unit. Moreover, plaintiff's assertion as to Geibel's unit ownership is untethered to a citation to any competent evidence in the record as required by Rule 4:46-2(b). We cannot conclude that Oz LLC and Metro Homes were in "actual possession and control" of the Condominium at the time the defective conditions caused the damages at issue, N.J.S.A. 2A:14-1.1(a), because the record lacks competent evidence supporting the claim, see Globe Motor Co. v. Igdalev, 225 N.J. 469,

11

484 (2016) (finding factual assertions on a motion for summary judgment must be supported by competent evidence).

We are also not persuaded by plaintiff's remaining argument for applying the exception to the statute of repose, that Oz LLC and Metro Homes maintained actual possession and control of the Condominium through Waterfront, the Condominium's former property manager, which was not a party to the summary judgment motion from which plaintiff appeals and is not a party to this appeal.

Plaintiff claims there is a genuine issue of material fact regarding what roles Oz, Metro Homes and Waterfront had in the construction of the Condominium and whether they exercised de facto control over the Condominium. The parties' Rule 4:46-2 submissions, however, do not present genuine fact issues. It is undisputed that Oz LLC was the Sponsor of the Condominium, Metro Homes was Geibel's branding and marketing firm, and Waterfront was the property manager of the Condominium from 2004 to 2013. In addition, granting all inferences in plaintiff's favor, the Rule 4:46-2 submissions do not present a genuine fact issue as to whether Oz LLC and Metro Homes exerted "de facto control" over the Condominium. The pertinent facts establish only that Oz LLC was the Condominium's Sponsor and turned control of the Condominium over to the elected Association board following the sale of

12

seventy-five percent of the units in November 2003, and Metro Homes paid for some repairs to the Condominium from 2004 through 2008 or 2009. Neither these facts nor any reasonable inferences that can be drawn therefrom establish that either Oz LLC or Metro Homes possessed and controlled the Condominium.

Plaintiff also argues we should find that Oz LLC and Metro Homes maintained possession and control of the Condominium through "their engagement of a management company[, Waterfront,] owned by the same [principals] and indistinguishable from [Oz LLC and Metro Homes] . . . to serve as manager of the Association from 2004 through 2013." Plaintiff's claim is founded on two assumptions: (1) Oz LLC and/or Metro Homes are "indistinguishable" from Waterfront and therefore legally responsible for actions taken by Waterfront, and (2) Waterfront had actual possession and control of the Condominium.

While the record shows that Geibel was an owner and member of Oz LLC, Metro Homes, and Waterfront, it does not support a finding that Waterfront was "indistinguishable" from Oz LLC or Metro Homes. Such a finding, that Waterfront was "a mere instrumentality of" Oz LLC and Metro Homes, State v. Ventron Corp., 94 N.J. 473, 500 (1983) (citation omitted), and "had no separate existence," id. at 501, requires piercing the corporate veil, id. at 501. As the party seeking

to pierce the corporate veil, plaintiff bears the burden of establishing the corporate form should be disregarded. See Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 195 N.J. 457, 472 (2008). To do so, plaintiff must prove that Waterfront was "a mere instrumentality of" Oz LLC, Metro Homes, or both, Ventron, 94 N.J. at 500 (citation omitted); Oz LLC or Metro Homes "so dominated [Waterfront] that it had no separate existence but was merely a conduit" for them, id. at 501; and that Oz LLC or Metro Homes "abused the privilege of incorporation by using [Waterfront] to perpetrate a fraud or injustice, or otherwise to circumvent the law," ibid. Granting plaintiff the benefit of all reasonable inferences, the record before us is wholly insufficient to meet this standard. Plaintiff presents unsupported assertions in its brief on appeal, but failed to present competent evidence to the motion court sufficient to support its burden to pierce the corporate veil. For this reason alone, plaintiff's claim for application of the exception to the statute of repose fails.

In addition, even if plaintiff were able to pierce the corporate veil between Oz LLC and/or Metro Homes and Waterfront, for the exception to the statute of repose to apply, plaintiff must present evidence that Waterfront had actual possession and control of the Condominium. Apart from identifying Waterfront as a former "property manager," plaintiff presented no competent evidence in

14

the summary judgment record describing Waterfront's actions, authority, or otherwise demonstrating that Waterfront was in possession and control of the Condominium. See R. 4:46-2(b). Thus, there is no basis to conclude the exception to the statute of repose applies. The record simply lacks competent evidence showing Waterfront was "in actual possession and control . . . of the improvement at the time the defective and unsafe condition . . . constitute[d] the proximate cause of the injury or damage for which the action is brought." N.J.S.A. 2A:14-1.1(a).

The evidentiary record is insufficient to permit a finding that Oz LLC and Metro Homes maintained continued possession of and control over the Condominium. We conclude that the exception to the statute of repose is inapplicable, and the statute of repose bars plaintiff's claims in Counts One, Two, Three, Four, Five, Seventeen, Eighteen, and Twenty-one, which seek to recover damages arising out of defects in the original "design, planning, surveying, supervision or construction" of the Condominium. N.J.S.A. 2A:14-1.1(a).

We next address plaintiff's contention that the statute of repose does not bar its claims relating "to repairs undertaken and paid for by [Oz LLC and Metro Homes] . . . because such actions on the part of [Oz LLC and Metro Homes]

15

effectively toll the [s]tatute of [r]epose."  Plaintiff relies on <u>Horosz v. Alps Estates, Inc.</u>, 136 N.J. 124 (1994), which states:

> When a builder-developer performs <u>repairs that constitute an improvement to real property</u> after the initial construction has been completed, the owner has ten years from completion of the repair work to file an action against the builder-developer <u>for defects relating solely to that repair work</u>. With respect to defects unrelated to such repairs (defects resulting from the original construction), however, N.J.S.A. 2A:14-1.1 runs from the date of the completion of the initial construction of the home.
>
> [<u>Id.</u> at 133 (emphasis added).]

An "improvement to real property" is "an integral addition or alteration" without which the building "could not be used for its intended purpose." <u>Id.</u> at 130; <u>see, e.g.</u>, <u>id.</u> at 131 (finding underpinning was an improvement because it "was integral to the house as a structure" and, without it, the Horoszes could not live in the house); <u>Wayne Twp. Bd. of Educ. v. Strand Century, Inc.</u>, 172 N.J. Super. 296, 300 (App. Div. 1980) (holding installation of a dimmer panel was an improvement because the panel was required for the new auditorium to function as intended); <u>Brown</u>, 163 N.J. Super. at 195-96 (finding a free-standing electrical transfer switch assembly cabinet was an improvement because it "constituted a permanent part of one of the mechanical systems necessary to the normal function of this particular improvement to the real estate").

16

Oz LLC and Metro Homes contend that, unlike the repairs at issue in Horosz, "the repairs in this case do not constitute separate improvements to real property and therefore do not serve as a start date for calculation of the statute of repose." They also argue plaintiff has not established that Oz LLC and Metro Homes performed any post-construction repairs at the Condominium.

In its fourth amended complaint, plaintiff claimed Waterfront, but not Oz LLC or Metro Homes, made defective repairs to the Condominium in 2013. Plaintiff's allegations in the complaint against Oz LLC and Metro Homes refer only to designing, constructing, supervising, or installing in the original construction. Moreover, the undisputed facts show only that Metro Homes paid for some repairs to the Condominium from 2004 through 2008 or 2009, but not in 2013.

Viewing all inferences in plaintiff's favor, the undisputed facts do not establish that Oz LLC performed any repairs to the property after the initial construction, do not detail the repairs for which Metro Homes paid, and do not establish that any of the repairs for which Metro Homes paid constituted an "improvement to real property." See Horosz, 136 N.J. at 133. In its brief, plaintiff cites to deposition testimony regarding various alleged repairs, but did not present any competent evidence to the motion court supporting its claims in

A-4154-17T3

accordance with Rule 4:46-2.[4] Thus the summary judgment record is devoid of any undisputed facts or evidence establishing that Oz LLC or Metro Homes made an improvement to real property sufficient to support the running of the statute of repose from the date of a repair. R. 4:46-2; Kenney, 308 N.J. Super. at 573.

In addition, while "less-significant alterations and additions" than underpinning a sinking foundation may constitute an "improvement to real property," Horosz, 136 N.J. at 129, to trigger a new ten-year limitations period under the statute of repose beginning at the date of repair, the defect at issue must result solely from the repair, not the original construction, id. at 132. Plaintiff failed to present evidence and undisputed facts establishing that the alleged defects, for which it seeks damages, "relat[e] solely to [the] repair work," as opposed to the original construction. Id. at 133. Thus, the summary judgment record does not permit a finding that Oz LLC or Metro Homes performed repairs

---

[4] We again note that plaintiff incorrectly relies on deposition transcripts to support purported facts that were never presented to the motion court in accordance with Rule 4:46-2(a) and (b). Plaintiff's attempted reliance on such purported facts is rejected because it ignores the Rule's clear requirements, constitutes an improper assertion of purported facts for the first time on appeal and would unfairly deprive defendant of the opportunity to contest the facts in accordance with the established and requisite procedure under the Rule.

constituting improvements to real property triggering the running of the ten-year limitations period under the repair exception in the statute of repose.

Plaintiff also argues the statute of repose does not bar its claims under the PREDFDA (Counts Five and Seventeen), CFA (Count Twenty-one), and New Jersey Condominium Act (Counts Nineteen and Twenty). Plaintiff contends Oz LLC and Metro Homes violated the PREDFDA by utilizing a public offering statement that failed to disclose construction defects once they became known to defendants and by preparing an inadequate budget for the management, operation and maintenance of the Condominium because of the defects. Similarly, plaintiff argues Oz LLC and Metro Homes violated the CFA "by falsely and fraudulently misrepresenting that the Condominium and common elements were free from faults and defects" and failing to disclose building defects. Plaintiff also argues Oz LLC and Metro Homes violated the New Jersey Condominium Act and committed breaches of fiduciary duties thereunder by failing to turn over required documents to the elected Association board, by hiring Waterfront for an indefinite period of time, and by maintaining de facto control over the Association through 2013.

Plaintiff's claims under these acts are barred for two reasons. First, the statute of repose bars plaintiff's PREDFDA and CFA claims. Second, plaintiff

19

failed to assert its claims within the limitations periods associated with these causes of action.

Plaintiff's PREDFDA and CFA claims are barred because the plain language of the statute of repose precludes any "action, whether in contract, in tort, or otherwise, to recover damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, [and] any action for contribution or indemnity for damages sustained on account of such injury . . . more than [ten] years after the performance or furnishing of such services and construction." N.J.S.A. 2A:14-1.1(a) (emphasis added). Plaintiff's PREDFDA and CFA claims, as stated in the fourth amended complaint, seek to recover damages sustained on account of defects in the original design and construction of the Condominium. See Brown, 163 N.J. Super. at 187-88. We have also previously determined statutory claims are subsumed by the statute of repose. See Stix v. Greenway Dev. Co., 185 N.J. Super. 86, 90 (App. Div. 1982) (finding complaints asserting CFA claims may be time-barred by the statute of repose). We therefore find the statute of repose bars plaintiff's PREDFDA and CFA claims.

Plaintiff's PREDFDA, CFA, and New Jersey Condominium Act claims are also time-barred under their respective statutes of limitations.

20

The PREDFDA provides that "[a] person may not recover under this section," which prescribes liability for a developer who gives false statements of material fact or omits material facts in its public offering statement, "in actions commenced more than [six] years after his first payment of money to the developer in the contested transaction." N.J.S.A. 45:22A-37(d). One hundred percent of the units in the Condominium were closed as of February 15, 2004, more than six years prior to plaintiff's filing of the June 2014 complaint. Plaintiff's PREDFDA claims are thus time-barred under N.J.S.A. 45:22A-37(d).

An action for fraud under the CFA "shall be commenced within [six] years . . . after the cause of any such action shall have accrued." N.J.S.A. 2A:14-1; see also Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 170 (App. Div. 2007). Generally, "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Nester v. O'Donnell, 301 N.J. Super. 198, 204 (App. Div. 1997) (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)). Plaintiff seeks damages for defects in the original design and construction of the Condominium. Pursuant to the Association bylaws, an elected board of trustees controlled the Association within sixty days of November 3, 2003, when seventy-five percent of the

Condominium's units were sold, and the undisputed facts establish repairs were made to the property beginning in 2004, evidencing problems with the newly constructed Condominium's design and construction. Plaintiff also alleged in its fourth amended complaint that after elected unit owners "took statutory control of the Board of Trustees after [Oz LLC] . . . closed on the sale of the seventy-five . . . percent of the units to Members . . . the Association became aware of various deficiencies in the design and construction of the [c]ommon [e]lements at the [Condominium]." Thus, plaintiff was or should have been aware that it may have an actionable claim as early as 2004, ten years before it filed the complaint, and we find plaintiff's CFA claims are barred under the six-year statute of limitations.

Claims under the New Jersey Condominium Act are also subject to a six-year statute of limitations. N.J.S.A. 2A:14-1; The Palisades at Ft. Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017). Plaintiff's allegations regarding Oz LLC and Metro Homes' failure to provide required documents to the Association board and their hiring of Waterfront concern conduct that took place in 2003 and 2004, ten years before the complaint was filed and well outside the six-year statute of limitations. We also note that the summary judgment record is bereft of competent evidence supporting plaintiff's

assertions that defendants failed to provide documentation to the board, improperly contracted Waterfront,[5] or, as discussed in detail above, maintained de facto control over the Association through 2013. For these reasons, we find plaintiff's claims under the New Jersey Condominium Act are also barred.

We reject plaintiff's arguments and affirm the court's grant of summary judgment to Oz LLC and Metro Homes on all counts (Counts One through Five, Twelve, and Seventeen through Twenty-two) of the fourth amended complaint asserted against them.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Plaintiff argues, without citation to the competent record evidence, that Oz LLC and Metro Homes unilaterally entered into a contract with Waterfront for administration and management of the Association and that service contract continued without ratification from an independent board for more than eight years in violation of the New Jersey Condominium Act, N.J.S.A. 46:8B-12.2. These asserted facts were not presented to the motion court in plaintiff's counter statement of material facts or its response to Oz LLC and Metro Homes' statements of material fact in accordance with Rule 4:46-2. We will not consider or rely on these purported facts because plaintiff failed to present these allegations to its adversary and the motion court in accordance with the Rule. See Kenney, 308 N.J. Super. at 573.